MARSTILLER, J.,
dissenting.
I respectfully dissent for I do not believe our decision in Kelsey v. State supports reversal in this instance. The rule 3.800(a) motion in Kelsey was sworn, and the post-conviction court expressly concluded that, had the claim been raised in a rule 3.850 motion, resentencing would be required. 97 So.2d at 979. Neither circumstance occurred here. The appellant in this case chose a rule 3.800(a) motion as the vehicle for challenging his sentence. The motion “is not sworn and does not otherwise comply with the technical requirements of [rule 3.850].” (Maj. op. at 160.) The lower court correctly applied the “could-have-been-imposed” test to the appellant’s motion and correctly denied it. Consequently, we should affirm the order on appeal.
*161 We are, after all, an error-correcting court. Reversing the order and directing the lower court to treat the motion as one filed under rule 3.850 simply because a more lenient test would apply and the appellant may be entitled to relief under that test is, in my view, inappropriate.